IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

April 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SHANNON DAVIS MILLER d/b/a | ) | MCMINN CIRCUIT |
| FASHIONIQUE, | ) | C. A. NO. 03A01-9712-CV-00537 |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. JOHN B. HAGLER, JR. |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| IRENE B. HEMBREE and | ) | AFFIRMED AND REMANDED |
| MARIA H. CARRUTH, | ) | |
| | ) | |
| Defendants-Appellees | ) | |

ROBERT L. BOWMAN, Kramer, Rayson, Leake, Rodgers & Morgan, Knoxville for Appellant.

DAVID F. HARROD, Carter, Harrod & Cunningham, Athens, for Appellees.

O P I N I O N

McMurray, J.

Plaintiff appeals from a summary judgment dismissing her complaint against the defendants. In the complaint, the plaintiff sought damages for breach of a lease agreement and negligence. The defendants filed a motion to dismiss pursuant to Rule 12 and Rule 56, Tennessee Rules of Civil Procedure, relying upon exculpatory clauses in the written lease agreement between the parties. The lease agreement was attached to the complaint as an exhibit pursuant to Rule 10.03, Tennessee Rules of Civil Procedure. The trial court upheld the validity of the exculpatory clauses and dismissed the case. We affirm the judgment of the trial court.

On or about March 19, 1993, the parties entered into a lease agreement whereby the defendants leased a portion of a building located in McMinn County to the plaintiff. Apparently the plaintiff used the premises for a clothing store. She avers in her complaint that on or about July 13, 1996, during a rain storm, water entered the building through its roof and a defective guttering downspout. She further alleged that she suffered a loss of goods, sales and profits "where water damaged her inventory of dresses and other clothing items in the building." Additional damages were claimed for closure of the store for five days which

2

prevented her from selling undamaged goods and resulted in additional losses of sales and profits.

The plaintiff attempts to proceed upon theories of negligence and breach of contract. As to negligence, she alleges that the defendants allowed the roof to blister and crack and that "they failed to replace guttering and other plumbing as it deteriorated." As to the breach of contract theory, the plaintiff avers that the defendants materially breached the lease agreement by failing to properly maintain the exterior of the building, including the roof, and the plumbing system.

To the complaint, the defendants filed an answer as well as a motion to dismiss and/or for summary judgment. The motion was grounded upon the premises that (1) the complaint fails to state a cause of action upon which relief can be granted; and, (2) that the lease agreement entered into between the parties contained exculpatory clauses which precluded a recovery by the plaintiff.

The provisions of the lease agreement upon which the defendants rely provide as follows:

\* \* \* \* \*

The lessee agrees to accept said premises in their present condition and to maintain the interior of the building, subject to any exceptions set out herein. The

3

lessee further agrees to surrender the premises to the lessor in as good condition as the same are now, ordinary wear and tear excepted.

The lessor shall not be liable to the lessee or any other person for any loss or damages suffered during the life of this lease on account of any defective condition or depreciation of the leased premises or any building or structure or equipment upon the leased premises.   The lessee agrees to carry renter's insurance to cover any liability which may arise and hold the lessor harmless thereon.

*      *      *      *      *

In response to the defendants' motion, the plaintiff filed her own affidavit.   The factual statements in the affidavit are as follows:

3.   Several months prior to July 13, 1996, I called Irene B. Hembree on numerous occasions to complain about water entering the building I leased from her.   The water was entering through the roof, which was blistered and cracked, and from a down-spout that runs from the roof down through the inside of the store.

4.   Ms. Hembree ignored most of my calls, however when she did send someone out to repair the roof, they only tar patched it.   The tar patching was only a temporary fix.   No long lasting repairs were ever made to the roof.   No effort was ever made to fix the downspout.

5.   I had to keep buckets out whenever it rained in order to collect the water that came into the building due to the aforementioned problems.

*      *      *      *      *

4

No other evidence was presented by either party. After argument, the trial court took the matter under advisement and subsequently issued its memorandum opinion. The memorandum opinion reflects that the court considered the plaintiff's affidavit, hence, the motion will be considered as a motion for summary judgment pursuant to the provisions of Rule 12.02, Tennessee Rules of Civil Procedure.[1]

The standards governing a review of a trial court's grant of summary judgment are well-settled:

> Tenn.R.Civ.P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. Anderson v. Standard Register Co.,857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991).
>
> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. Id.

---

[1] We are of the opinion that this case could have been properly dismissed under Rule 12, T.R.C.P., for failure to state a claim upon which relief can be granted. The plaintiff's pleadings included the lease agreement as required by Rule 10.03 T.R.C.P. Nothing was alleged which relieved the plaintiff from the operation of the exculpatory clauses.

<u>Carvell v. Bottoms</u>, 900 S.W.2d 23, 26 (Tenn. 1995).

The plaintiff relies upon the cases of <u>Gilson v. Gillia</u>, 321 S.W.2d 855 (Tenn.App.1958) and <u>Ressler Leather Co. v. Ailor</u>, 7 Tenn.App. 132 (1927).

In <u>Gilson</u>, the court permitted a recovery against a landlord in the face of exculpatory clauses where the landlord had con-tracted "... to put the building leased in a tenantable condition for the lessee, and all necessary repairs will be made without undue delay ... ." <u>Gilson</u> is readily distinguishable from the case under consideration.  Here, the lessee accepted the premises "in their present condition."  There was no provision in the lease either explicitly or implicitly requiring the lessors to put the property in a tenantable condition.  We believe the plaintiff's reliance upon <u>Gilson</u> is misplaced.  We concur with the conclusion of the trial court that the plaintiff's reliance on <u>Ressler Leather Co. v. Ailor</u>, supra, is likewise misplaced.  As the trial court noted, <u>Ressler</u> must be restricted to its peculiar facts because an oral agreement between the parties made the applicability of the exculpatory provision "doubtful."

It is well-settled in this jurisdiction that exculpatory clauses in commercial leases are enforceable.  In <u>Chandler v.</u>

6

<u>Johnson</u>, 1996 Tenn.App.LEXIS 546, this court enunciated the principles which we believe to be controlling in this case:

> ... plaintiffs claimed that summary judgment was improper despite the existence of the exculpatory clauses. Their first argument was that the clauses were ambiguous. It is well settled in this state that a landlord may, by stipulation in a commercial lease agreement, exempt himself from liability for any damage caused by defects in the leased premises. <u>See</u> <u>Gilson v. Gillia</u>, 45 Tenn. App. 193, 210-11, 321 S.W.2d 855, 863 (1958); <u>Robinson v. Tate</u>, 34 Tenn. App. 215, 227-31, 236 S.W.2d 445, 450-51 (Tenn. App. 1950). In the instant case, Mr. Chandler agreed to indemnify defendants and to hold them harmless "from any and all claims or demands for loss or damaged property or for injury or death to any person from any cause whatsoever." Although plaintiffs argued that the exculpatory provisions of the lease were ambiguous, they failed to offer any proof by affidavit or otherwise that they did not understand or comprehend the exculpatory language of the lease agreement before they entered into it. Thus, plaintiffs failed to satisfy their burden as to this issue.

We find no ambiguity in the lease agreement under consideration here nor, as in <u>Johnson</u>, supra, the plaintiff has failed to come forth with any proof that she did not understand or comprehend the exculpatory language of the lease. Further, the plaintiff has failed to allege or present any evidence that the conditions complained of were not in existence when she accepted the premises in "in their present condition" at the time the lease was executed.

> The cardinal Rule for interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention consistent with legal principles. <u>Bob Pearsall Motors, Inc. v. Regal Chrysler-</u>

7

> Plymouth, Inc., 521 S.W.2d 578 (Tenn. 1975). A primary
> objective in the construction of a contract is to
> discover the intention of the parties from a consider-
> ation of the whole contract. Mckay v. Louisville & N.R.
> Co., 133 Tenn. 590, 182 S.W. 874 (1916); Burns v.
> Temperature Control Co., 52 Tenn. App. 51, 371 S.W.2d 804
> (1962). In construing contracts, the words expressing the
> parties' intentions should be given their usual, natural
> and ordinary meaning, Taylor v. White Stores, Inc., 707
> S.W.2d 514 (Tenn. App. 1985), and neither party is to be
> favored in the construction. Ballard v. North American
> Life Ins. Co., 667 S.W.2d 79 (Tenn. App. 1983).

Rainey v. Stansell, 836 S.W.2d 117, 118 (Tenn. App. 1992).

Apply the above stated rules of construction and other authorities cited, we are of the opinion that summary judgment was properly granted. We affirm the judgment of the trial court. Costs are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge

8

IN THE COURT OF APPEALS
AT KNOXVILLE

| | | |
|---|---|---|
| SHANNON DAVIS MILLER d/b/a FASHIONIQUE, | ) | MCMINN CIRCUIT |
| | ) | C. A. NO. 03A01-9712-CV-00537 |
| Plaintiff-Appellant | ) | |
| vs. | ) | HON. JOHN B. HAGLER, JR. |
| | ) | JUDGE |
| IRENE B. HEMBREE and MARIA H. CARRUTH, | ) | AFFIRMED AND REMANDED |
| Defendants-Appellees | ) | |

**JUDGMENT**

This appeal came on to be heard upon the record from the Circuit Court of McMinn County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court. Costs are assessed to the appellant and this case is remanded to the trial court.

PER CURIAM